LAND, J.
The above suits .have been consolidated for purpose of trial, as the issues in each are the same. The plaintiff, H. O. Walsworth, owns lots 1, 2, and 3 of block 54 in the town of Jonesboro, with residence and improvements on the property estimated at $3,500. This property was acquired by plaintiff in the year 19TF.
The plaintiff:, J. M. Shows, owns lots 1, 2, and 3 of block 33 in the same town, with residence and improvements thereon valued at $3,000, and has resided on the property for the last 22 years. The present residence on this property was built about 10 years ago. During the year 1923 the Farmers’ Gin company erected a gin and ice factory on lots 1, 2, and 3 of block 53 in the town of Jonesboro, and in close proximity to the properties of the plaintiffs, and has operated said plants continuously, in season, since their construction The plaintiffs complain that the plants of defendant company, when in operation, are nuisances in fact, and have decreased the value of their respective properties in the sum of $2,000 each, and have caused further damages to each of plaintiffs in the additional sum of $1,500, because of inconvenience, lack of comfort, and detriment to health, occasioned by the operation of defendant’s plants.
Plaintiffs further aver that they are entitled to judgments not only for the damages claimed, but also restraining defendant company from operating said gin and ice factory to their injury, damage, inconvenience, and lack of comfort, and that, if said plants cannot be operated without such injury to them, then they are entitled to perpetual injunctions against defendant company.
The demands of plaintiffs for perpetual injunctions were rejected. The trial judge, however, rendered judgment for damages in favor of each of plaintiffs in the sum of $250, and prohibited defendant company from operating its gin and ice factory until it had repaired and remedied its plants to the extent that same may be operated without injury in any manner to plaintiffs. Both plaintiffs have appealed, and in answer to the appeal of defendant company, pray that the respective judgments in their favor be so amended as to increase the award of damages to each from $250 to $3,500, and that the part of the judgments rejecting plaintiffs’ demands for perpetual injunctions be reversed.
1. The homes of plaintiffs were built a long time prior to the construction by defendant company of its gin and ice factory. The Shows residence is located west and the *249 Walsworth residence south of defendant’s plants, and each is about 120 or 130 feet distant. By reason of the proximity of the properties, of plaintiffs to the industrial site of defendant company, a cotton gin or an ice factory may well prove to be a nuisance. The premises of plaintiffs may be easily invaded, under these conditions, by smoke, soot, cinders, lint, and dust, and jarred by the vibration of machinery, to the discomfort and annoyance of the occupants, and such nuisances may readily impair a reasonable enjoyment of their homes by plaintiffs and their families. ,
The residences of plaintiffs are the nearest of all the residences in the neighborhood to the plants of the defendant.
. The testimony of the plaintiffs and of their witnesses shows with sufficient legal certainty that defendant company is directly responsible for the nuisances of which they complain. The ice factory and the gin are located opposite the residence of the plaintiff Shows and across an 80-foot street, while the residence of the plaintiff Walsworth is situated, south of these plants, with an 80-foot street intervening. A mixture of dust, lint, and small .particles is blown upon the premises of plaintiffs from the escape pipes connected with the condenser of the gin. These blow pipes or ventilators are about 30 feet high, and project several feet above the roof of the gin. The refuse from these pipes . was not conducted into a reservoir, as is practical, nor was the noise from the exhaust of the gin, nor from the machinery of the ice plant, muffled in any way at the date of the institution of these suits. The escape pipes of the gin make- a grating, grinding noise, and caused the windows of plaintiffs’ houses to rattle sometimes, when the. gin was in operation ; but the chief source of the noise came from the .ice factory, which is operated at night and sometimes on Sunday, and, while in operation, the noise is so great that it is difficult to carry on a conversation on the front porches of plaintiffs’ residences. A mixture of lint, dust, and siftings from defendant’s plants is scattered all over the premises of plaintiffs, dropping upon and soiling the clothes, hung on lines in the yard to dry, entering the porches and rooms of their houses, settling upon the floors and the furniture, and upon the drinking and cooking water, and the food at meals, and collecting on the outside of the houses upon the screens. Plaintiffs are compelled to sit in their homes with doors and windows closed while the gin of the defendant company is running.
2. It appears from the evidence that, at the time of the trial ofl these cases, .the noise had been remedied, but that the nuisance as to dust, lint, and siftings from the exhaust pipes of the gin still continued.
The order of the trial judge prohibiting further operation of the defendant’s plants until same may be operated without injury in any manner to plaintiffs eliminates also this element of the nuisances complained of by them.
It is clear, therefore, that plaintiffs are not entitled to recover any damages for diminution in value of their properties, with all of these nuisances abated, or practically so.
3. There is no arithmetical rule for the computation of damages in cases like the present.
Plaintiffs strained the drinking and cooking water before using the same, and there is no evidence to show any impairment of health arising from the nuisances in question. The plants of defendant company v’ere completed in the summer of 1923, and operated continuously thereafter; yet the plaintiff Shows waited until January, 1924, and the plaintiff Walsworth until April, 1924, before bringing the present suits for damages.
The judgments in the cases were rendered *251 in June, 1924, and, in our opinion, do substantial justice to the parties, as, in addition to the damages allowed, all of the nuisances are abated, or held in abeyance until corrected.
The town of Jonesboro has not zoned its territory into residential, business, and industrial districts, and refused in the present eases to include the block in which defendant’s plants are located in a residential district.
Under these circumstances, we do not see any good reason why the award of the lower court as to damages should be increased, as prayed for by plaintiffs, or why the judgments should be reversed, as to that part rejecting the demands of plaintiffs for perpetual injunctions.
Judgments affirmed.